## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------------------------------------------
JOHN D. TROIANI, BUNNIE TILLMAN          :
and CALVIN L. FORDHAM                     :
                                          :
        Plaintiffs,                       :
v.                                        :          3: 01 CV 0253 (WIG)
                                          :
TOWN OF STRATFORD,                        :
                                          :
        Defendant.                        :
-----------------------------------------------------------------
```

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiffs John D. Troiani, Bunnie Tillman and Calvin L. Fordham bring this action against the Town of Stratford ("Stratford" or "Town") alleging violations of the Equal Protection Clause of 14th Amendment to the United States Constitution; Article First, Sections 1 and 20 of the Connecticut Constitution; the Age Discrimination in Employment Act[1] ("ADEA"), 29 U.S.C.S. § 621 et seq.; and the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, et seq. (Complaint, ¶¶ 11-14). Plaintiffs are now only pursuing their claims under the Fourteenth Amendment.[2] Currently pending is Defendant's

---

[1]    Plaintiffs' ADEA claims are clearly barred because these plaintiffs never filed claims with the Connecticut Commission on Human Rights and Opportunities (CHRO) as required by state and federal law. 29 U.S.C. § 633 (b); Conn. General Statutes §§ 46a-82 - 46a-96.

[2]    Plaintiffs have explicitly abandoned their other claims in their brief. "The defendant has moved for summary judgment on various grounds, the only relevant ones of which are those applicable to plaintiffs' Fourteenth Amendment equal protection claim since that is the only one now pursued in this litigation." (Pl. Opp. to Summ. J. p p. 1-2).

Motion for Summary Judgment on all claims (Doc. # 26).

The parties agree that there are no disputed facts in this case. (Pl. Mem. in Opp. to Summ. J. p.1).  The issue before this Court is whether the Town of Stratford violated the equal protection clause guarantees of the Fourteenth Amendment when it decided to make amendments to its Retirement Plan apply retroactively six months.

## FACTUAL BACKGROUND

From 1967 to 1999, the Town of Stratford maintained a retirement pension plan for employees who commenced employment with the Town before they attained the age of 45 years. (Def. 56(c) Statement ¶ 5).  Those individuals who commenced employment at 45 years of age or older received no retirement benefits at all.  In 1978, the Town implemented a separate retirement plan, an annuity plan, for those employees who were 45 years old or older at the time they commenced employment. (Def. 56(c) Statement ¶ 6).  In December 1998, the Town ended participation in the annuity plan. (Def. 56(c) Statement ¶ 7).  In essence, from 1978 to 1998, the Town maintained a dual track retirement system that treated employees who commenced employment after they attained the age of 45 differently than other employees.

Each plaintiff in this case was 45 years old or older when he began working for the Town was required to participate in the annuity plan.  Plaintiff Troiani began work for the Town in 1978 at the age of 46 and retired from the Town in 1994. (Def. 56(c) Statement ¶¶ 8, 11).  Plaintiff Tillman began work for the Town in 1982 at the age of 55 and retired from the Town in 1996. (Def. 56(c) Statement ¶ 13).  Plaintiff Fordham began work for the Town in 1986 at the age of 54 and retired from the Town in 1996. (Def. 56(c) Statement ¶ 16).

-2-

Each plaintiff currently receives retirement benefits under the annuity plan. (Def. 56(c) Statement ¶¶ 11, 15, 18).

On January 11, 1999, the Stratford Town Council did away with its dual track retirement system by repealing, revising and restating the Regular Retirement Plan. (Def. 56(c) Statement ¶ 19). The revised Regular Retirement Plan became effective January 1, 1999, and "reached back" to apply to those employees who had retired on or after July 1, 1998. (Def. 56(c) Statement ¶ 20). The revised Regular Retirement Plan eliminated the maximum age eligibility criterion. (Def. 56(c) Statement ¶ 19). The revised Regular Retirement Plan's "reach-back provision" provided that any employee who retired between July 1, 1998 and December 31, 1998 "shall be treated as if he were a Member of the Plan as of his last date of employment with Town." (Murphy Aff. ¶ 7). The reason for the reach back provision was to have the eligibility reform take effect at the beginning of a plan fiscal year and the Town's fiscal year began July 1, 1998. (Barnhart Aff. ¶ 5).

None of the plaintiffs ever participated in the Regular Retirement Plan and all three retired before the 1999 revisions. (Murphy Aff., ¶¶ 4-8). As noted above, Troiani retired in 1994, Tillman retired in 1996, and Fordham retired in 1996.

## STANDARD OF REVIEW

This Court may grant summary judgment only if the moving party is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact. Silver v. City Univ. of New York, 947 F.2d 1021, 1022 (2d Cir. 1991); Montana v. First Fed. Sav. & Loan Ass'n, 869 F.2d 100, 103 (2d Cir. 1989); Knight v. U .S. Fire Insur. Co., 804 F.2d 9, 11 (2d Cir. 1986).

The movant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions to file, together with affidavits, if any," that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). If the movant meets this initial burden, the party opposing the motion must then demonstrate that there exists a genuine dispute as to the material facts. Silver, 947 F.2d at 1022.  To show such a "genuine dispute," the opposing party must come forward with enough evidence to allow a reasonable jury to return a verdict in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986); Cinema North Corp. v. Plaza at Latham Assocs., 867 F.2d 135, 138 (2d Cir. 1989). The Court will analyze the Town's summary judgment motion in accordance with these principles.

## FOURTEENTH AMENDMENT EQUAL PROTECTION CLAIMS

Plaintiffs' claim that the Town violated the Equal Protection guarantees of the Fourteenth Amendment to U.S. Constitution when it revised the Retirement Plan. Plaintiffs claim that under the revised Retirement Plan they were not treated similarly to those July 1998 to December 1998 retirees who were allowed to participate in the revised Retirement Plan.  Plaintiffs infer intentional age discrimination from the Town's allowing a "reach-back" to the beginning of the fiscal year.

Age is not a protected classification under equal protection jurisprudence and the case law is replete with court rulings upholding governmental policies that consciously

-4-

consider age.[3]  Courts scrutinize age based classifications only to determine if they are

rational. Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 312-14, (1976).

Even putting aside the logical flaws in plaintiffs' age discrimination theory and

assuming for the purposes of this ruling that the Town's amendments to the Town's pension

plan treated plaintiffs differently because of their age, the Town does not need to establish

that it had a compelling need to take these actions and that it elected to achieve its goals in

the most narrowly tailored manner available to it.  In this case, the Town need only show

that its actions were rationally related to a legitimate governmental purpose. The Town

"need not actually articulate at any time the purpose or rationale supporting its classification.

Instead, a classification must be upheld if there is any reasonably conceivable set of facts

that could provide a rational-basis for the classification." Heller v. Doe, 509 U.S. 312, 320

(1993) (internal quotation marks and string citations omitted).  A reviewing Court must

accept a legislature's rationale for a statute even if there is an imperfect fit between the

means and ends. Id. at 321.  "A statute is presumed constitutional, and 'the burden is on the

one attacking the legislative arrangement to negative every conceivable basis which might

support it.'" Heller 509 U.S. at 320, quoting, Lehnhausen v. Lake Shore Auto Parts Co., 410

U.S. 356, 364 (1973).

The Town has articulated several rational reasons for why it revised its Retirement

---

3.    Age based decision making has been found to be "rationally related" to a legitimate governmental
purpose in a number of cases.  State actors have be permitted to presume that "vigor" correlates
with chronological age in making statutory classifications. Murgia, 427 U.S. at 314.   State actors
have also been permitted to legislate minimum age requirements for public housing based upon
presumptions that "'older persons have a particular need for an affordable "safe, supportive
environment.' 141 Cong. Rec. S18063-01 (Dec. 6, 1995) (statement of Rep. Brown)". Taylor v.
Rancho Santa Barbara, 206 F.3d 932, 936 (9th Cir. 2000).

Plan, such as to bring it into compliance with legal requirements, and a reason why it established a six month reach-back provision as opposed to a three year or longer reach-back provision that plaintiffs seem to advocate. First, there are the obvious budget constraints that the Town had to address in deciding the pool of beneficiaries for its newly revised Retirement Plan. As the Town argues in its memorandum, and as common sense dictates, the farther back in time the Town applied the pension benefits the more retirees it would encompass and the more costly the pension administration would be for the Town.

Plaintiffs concede the Town had the legal right to revise its Retirement Plan and abolish the annuity plan. Plaintiffs equal protection claims are propelled by the Town's decision to permit employees who retired from July 1998 to December 31, 1998 to participate in the Regular Retirement Plan. It is from the inclusion of these "reach-back" retirees that plaintiffs' claim unequal treatment. Following plaintiffs' logic, the equal protection clause requires the Town to allow all pre-1999 retirees to participate in Regular Retirement Plan or none. Under plaintiffs' conception of equal protection, the Town waived its legal right to establish any participation cut-off whatsoever when it permitted a limited group of pre-revision retirees to participate in the Regular Retirement Plan. Plaintiffs' "all or none at all" argument is unavailing for several reasons.

The Town's decision to permit employees who retired on or after July 1, 1998 to participate in the revised Retirement Plan passes constitutional muster under rationality review. The Town has articulated a rational reason for enacting the "reach-back" provision and the Court can also conceive of a reason why a six month reach-back period is reasonable under these circumstances. The Town has proffered that it allowed employees who retired

-6-

on or after July 1, 1998 to participate in the revised Retirement Plan so as to abolish the maximum age eligibility requirement at the beginning of a fiscal year. (Barnhart Aff. ¶ 5). Plaintiffs have not rebutted the Town's reason or in any way demonstrated that it is not rational. This Court finds that based upon this rationale alone, and in the absence of contravention by plaintiff, the Town's revisions to its Retirement Plan is entitled to deference under rationality review.

The Court observes that a six month reach-back also may have been reasonable way to minimize the arbitrariness of the cut-off date. Policy makers frequently are required, due to fiscal and administrative constraints, to set eligibility cut-offs that have the unsavory result of eliminating individuals on the cusp of eligibility. Permitting participation for individuals who just barely fall short of eligibility may minimize the appearance of unfairness arising from a cut-off date and also acknowledge that those individuals may have modified their behavior if they had been forewarned of the planned policy change. For example, some Stratford retirees, who retired between July and December 1998, might have postponed their retirement a few months so as to permit them to participate in the revised Plan. A policy-maker could reasonably consider the fact that employees might modify life plans, such as retirement dates, for a limited period to take advantage of an additional benefit.

Plaintiffs equal protection claims fail because they have not alleged facts to support a conclusion that they were treated differently because of their age - as opposed to their retirement date. Moreover, plaintiffs have failed to establish that they were similarly situated to employees who retired on or after July 1, 1998. Finally, plaintiffs have failed to

show that the Town acted irrationally when it included a "reach-back" provision in its

January 1999 revised Retirement Plan legislative enactment.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motions for summary judgment (Doc. # 26) is

GRANTED.  The Clerk is directed to enter judgment for defendant and close this case.  So

ordered this the 26th  day of January 2004, in Bridgeport, Connecticut.



*/S/ William I. Garfinkel*
William I. Garfinkel
United States Magistrate Judge